Ms. Elizabeth M. Hernandez Coral Gables City Attorney 405 Biltmore Way Coral Gables, Florida 33134
Dear Ms. Hernandez:
You have asked substantially the following question:
Does the Contraband Forfeiture Act limit the use of property obtained with contraband forfeiture funds after the property is no longer needed for the purpose for which it was acquired?
You state that the City of Coral Gables has used a building obtained through forfeiture procedures as its radio shop for several years. A new maintenance shop has been built and the radio shop will be transferred to that facility. It has been proposed that the vacant space be used to house out-of-service trolley buses used in a project to alleviate traffic congestion in the city's central business district. There is a question, however, as to whether the Florida Contraband Forfeiture Act restricts the use of such property.
Section 932.7055, Florida Statutes, governs the disposition of property that has been obtained by a seizing agency through a forfeiture proceeding. When a seizing agency obtains a final judgment granting forfeiture of real or personal property, it has the option of retaining the property for the agency's use.[1] The statute is silent, however, as to whether the restrictions on the use of such property continue as long as the property is held by the agency.
In Attorney General Opinion 85-92, this office was asked what procedure was to be used in the disposal of abandoned or discarded weapons forfeited to the state previously retained for use by the sheriff's department, but were no longer needed. The weapons had been forfeited pursuant to section 790.08, Florida Statutes, a statute similar to the Contraband Forfeiture Act. Section 790.08, Florida Statutes, requires officers making an arrest of a person engaged in a criminal offense who has a weapon to take possession of such weapon and deliver it to the sheriff of the county or the chief of police of the municipality in which the arrest is made.[2] If the person arrested is convicted, then the seized weapon is forfeited to the state, with the sheriff acting as custodian.[3] If the weapon is suitable for use by the sheriff it may be so used. If the weapon is not needed by the sheriff, it may be loaned to any other department of the state or to any county or municipality in need of such a weapon.[4]
Citing the substantial similarities between section 790.08, Florida Statutes, and the Florida Contraband Forfeiture Act, Attorney General Opinion 85-92 discussed previous opinions of this office in which it was concluded that once the sheriff has retained forfeited property for his or her own use, the terms of the Contraband Forfeiture Act are exhausted and "no provision of that act or other law operates to reactivate the distribution formula contained in subsection (3)(a) of s. 932.704, F.S. (1982 Supp.), upon subsequent sale of the property."[5] The opinion found that under either statute, once a sheriff decides to retain a discarded or abandoned weapon forfeited to the state, such weapon becomes tangible personal property of the sheriff's office subject to disposal pursuant to the provisions in Chapter 274, Florida Statutes.[6]
In this instance, real property has been obtained through contraband forfeiture procedures and it is assumed that the procedures in Chapter932, Florida Statutes, have been followed. The rationale underlying the conclusions in previous opinions of this office, therefore, would be applicable. Once the governmental entity has procured property through forfeiture proceedings and title to the property has been vested in the governmental entity, then the requirements of Chapter 932, Florida Statutes, have been exhausted. There is no indication that Chapter 932, Florida Statutes, otherwise restricts the subsequent use or disposition of real property that is no longer needed for the purpose for which it was originally obtained.
Accordingly, it is my opinion that Chapter 932, Florida Statutes, does not restrict the disposal or subsequent use of property obtained through contraband forfeiture procedures after the property is no longer needed for the purpose for which it was acquired.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] Section 932.7055(1)(b)-(c), Fla. Stat., also authorizes a seizing agency to sell the property at public auction or salvage, trade, or transfer the property to any public or nonprofit organization.
[2] Section 790.08(1), Fla. Stat.
[3] Section 790.08(2), Fla. Stat.
[4] Section 790.08(6), Fla. Stat.
[5] See, Op. Att'y Gen. Fla. 85-92 (1985), quoting Op. Att'y Gen. Fla. 83-75 (1983), and referring to Op. Att'y Gen. Fla. 81-99 (1981). Section932.704, Fla. Stat. (1982 Supp.), was subsequently amended with the substance of subsection (3)(a) substantially reworded and moved to section 932.705, Fla. Stat. [see, s. 5, Ch. 92-54, Laws of Fla., creating s. 932.705]. The provisions in section 932.705, Fla. Stat., relating to the disposition of liens and forfeited property were subsequently renumbered as section 932.7055, Fla. Stat., due to a pre-existing section932.705.
[6] Chapter 274, Fla. Stat., governs tangible personal property owned by a local governmental unit, which by definition includes the sheriff of the county. Section 274.05, Fla. Stat., authorizes a governmental unit to classify as surplus any of its property, not otherwise lawfully disposed of, that is obsolete or uneconomical or inefficient to use or of no useful function. Such property may be sold or donated to other governmental units or to private nonprofit agencies.